Submitted on record and briefs April 15, affirmed August 4, reconsideration denied September 22, petition for review denied October 26, 1993 (318 Or 25)

Melanie DAVIS
and Barry Davis,
Husband and Wife,
*Appellants,*

*v.*

CITY OF EUGENE,
*Respondent.*

(92-90653; CA A76353)

857 P2d 201

Melanie Davis and Barry Davis, Eugene, filed the brief *pro se*.

Milo Mecham and Harrang, Long, Watkinson, Laird & Rubenstein, P.C., Eugene, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

This case arises out of appellants' appeal to district court from the City of Eugene's (City) order vacating Pleasant Highway. ORS 271.130. Appellants appeal from the district court judgment dismissing their appeal and from the denial of their motion to transfer the appeal to circuit court. We affirm.

In May, 1992, City issued an order vacating the highway. Appellants, owners of property affected by the order of vacation, filed in the District Court for Lane County an appeal which the court dismissed. Both assignments of error concern the construction of statutes.

In construing statutes, our task is to discern the intent of the legislature. To that end, we start with the text of the statute, to ascertain what is contained therein, not to insert what has been omitted, or to omit what has been inserted. When the words of the statute are not dispositive, we look to the statute's context. In considering its context, we may consider other provisions of the same statute and other statutes on the same subject. If the text and context of the statute do not tell us what the legislature intended, we look to the legislative history. ORS 174.010; *State v. Trenary*, 316 Or 172, 175, 850 P2d 356 (1993).

ORS 271.130(4) provides:

"*Any property owner affected by the order of vacation* or the order awarding damages or benefits in such vacation proceedings *may appeal to the circuit court* of the county where such city is situated *in the manner provided by the city charter. If the charter does not provide for such appeal, the appeal shall be taken* within the time and *in* substantially *the manner provided for taking an appeal from justice [sic] or district court in civil cases.*" (Emphasis supplied.)

The charter of the City of Eugene does not contain any provisions about an appeal of an order of vacation. Appellants argue that ORS 53.020[1] governs under ORS

---

[1] ORS 53.020 addresses appeals from justices' court and provides:

"An appeal is taken to the district court for the county wherein the judgment is given. If there is no district court for the county, the appeal shall be taken to the circuit court for the county. The party appealing is known as the appellant and the adverse party as the respondent, but the title of the action is not thereby changed."

271.130(4) and the district court has jurisdiction of their appeal. Appellants' reading of ORS 271.130(4) fails to distinguish between provisions regarding to which court an appeal is made, and provisions about the manner in which an appeal is taken to that court.[2] The statute provides that an appeal of a vacation order is to "the circuit court of the county where such city is situated." It also provides for "the manner" in which the appeal is to be taken. When there is no provision for an appeal in the city charter after an order of vacation has been entered, then the property owner must appeal to the circuit court in the manner provided for in ORS 53.020 and ORS 53.030.[3] The district court correctly concluded that it lacked subject matter jurisdiction over appellants' appeal.

■    Appellants assign error to the court's denial of their motion to transfer the case to circuit court. ORS 46.064(1) provides:

> "When it appears to any party that a civil action commenced in a district court involves any claim that is not within the jurisdiction of the district court but is within the jurisdiction of the circuit court, that party shall file a motion requesting transfer and the district court shall not dismiss the action but shall order transfer of the entire action to the circuit court."

Appellants argue that the phrase "civil action" is used to distinguish between civil and criminal cases, and that any action that is not criminal is civil and is subject to transfer.

---

[2] ORS 53.030 provides for the "manner" of a justices' court appeal to district court, and provides:

"An appeal is taken by serving, within 30 days after rendition of judgment, a written notice thereof on the adverse party, or the attorney of the adverse party, and filing the original with the proof of service indorsed thereon with the justice, and by giving the undertaking for the costs and disbursements on the appeal, as provided in ORS 53.040. A written acknowledgment of service by the respondent or the attorney of the respondent, indorsed on the notice of appeal, shall be sufficient proof of service. When the notice of appeal has been served and filed, the appellate court shall have jurisdiction of the cause."

[3] ORS 271.130(4) was enacted in 1931 and has remained substantively unchanged since that time. See 5 Oregon Code Annotated (1935 Supp) § 56-735. From that time until 1985, appeals from justices' court were made to the circuit court. See 1 Oregon Code Annotated (1930) §§ 16-401 and 16-402; Or Laws 1985, ch 342, § 8. Considering ORS 271.130(4) in context with ORS 53.020 and ORS 53.030, the language of the statute does not express an intent to change the court to which vacation orders are appealed.

"Civil action" is not defined in ORS 46.064(1). However, ORS 46.060 describes the district court's "civil" jurisdiction generally. That description does not include appeals pursuant to ORS 271.130(4). Arguably, the phrase "civil action" in ORS 46.064(1) could be broader in meaning than the "civil jurisdiction" described in ORS 46.060. Because "civil action" could be susceptible to more than one reasonable meaning, we look to the legislative history.

ORS 46.064 was enacted as part of House Bill 2293, Oregon Laws 1987, chapter 714, section 2.[4] During the hearings on the bill, a representative from the Oregon State Bar testified that the bill applies

> "only to civil cases, *civil private litigation*. We've eliminated from the purview of this bill any proceeding * * * [involving] domestic relations or probate, conservatorship, guardianship, or change of name proceedings. And of course, criminal cases are not included." Tape recording, House Judiciary Committee - Subcommittee 3, January 28, 1987, Tape 47 at 173. (Emphasis supplied.)

Moreover, there was testimony before the committee that the purpose of the bill was to "make court operation more efficient and to avoid some malpractice." The concern centered on the monetary jurisdictional limits of the district and circuit courts. Before the enactment of House Bill 2293, there was no procedure for transferring cases between those courts when an action had been filed in district court for an amount that exceeded the court's jurisdictional limits. The bill was intended to avoid the necessity of dismissal of an action in one court, and the refiling of it in another court. Because the legislative history indicates that ORS 46.064 was intended to apply to those claims described in ORS 46.060, and because appellants' appeal is not that type of claim, we agree with the district court that it did not have authority to transfer the appeal to circuit court.

Affirmed.

---

[4] ORS 3.227(1), which provides for transfer of cases from circuit court to district court, was also part of House Bill 2293.